IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MACKER MONTGOMERY AND
ANTOINETTE MONTGOMERY                                              PLAINTIFFS

vs.                                              CIVIL ACTION NO. 4:16-cv-00213-MPM-JMV

NATIONAL RAILROAD PASSENGER
CORPORATION; ILLINOIS CENTRAL RAILROAD
COMPANY; JOHN SHERMAN ASA BENNETT
AND LYDIA BENNETT, his wife                                        DEFENDANTS

## ORDER

This cause comes before the court on plaintiffs' motion to voluntarily dismiss National Railroad Passenger Corporation ("Amtrak") as a defendant and thereupon to remand this case to state court. On September 02, 2016, plaintiffs Macker and Antoinette Montgomery filed this action in the Circuit Court of Leflore County, seeking recovery arising out of a 2015 collision between a truck driven by Macker and an Amtrak train. Plaintiffs filed suit against Amtrak, the Illinois Central Railroad Company ("ICRC") as well as against the landowners of the private property where the collision occurred. On October 27, 2016, defendants removed the case to this court based on the presence of Amtrak as a defendant, which, they note, conferred federal question jurisdiction on this court. *Wyant v. Nat'l R.R. Passenger Corp.*, 881 F. Supp. 919, 924 (S.D. N.Y. 1995)("[T]he law is well-settled that federal courts have federal question jurisdiction over suits by or against Amtrak under 28 U.S.C. § 1331.").

For their part, plaintiffs do not dispute that this court had federal question jurisdiction at the time of removal, but they have moved to dismiss their claims against Amtrak without

1

prejudice and thereupon for this court to decline to exercise supplemental jurisdiction over the remaining claims.

It is well settled that, when the opposing party has already served an answer or a motion for summary judgment but all parties have not stipulated to dismissal, under Fed. R. Civ. P. 41(a)(2), the plaintiff must seek a court order to dismiss the action. In opposing plaintiff's motion to dismiss it without prejudice, Amtrak has made clear its desire to stay in this lawsuit, particularly since plaintiffs have declined Amtrak's invitation to dismiss it *with* prejudice. It thus appears to this court that plaintiffs wish to retain the right to pursue claims against Amtrak in a separate action, and the fact that they seek dismissal of Amtrak followed by remand makes it seem highly likely that their motivation is to defeat federal jurisdiction.

While plaintiffs' legal maneuvers frankly strike this court as being rather dodgy, precedent suggests that the mere fact that they seek to defeat federal jurisdiction does not necessarily mean that their Rule 41(a)(2) motion to dismiss should be denied. Indeed, in *Katzman v. Am. Airlines, Inc.*, a New York district judge noted, following a review of relevant authority, that "even when plaintiffs seek discretionary dismissal under Rule 41(a)(2), nearly all courts grant those dismissals when defendant's only argument against dismissal is that the plaintiff manifestly seeks to defeat federal jurisdiction." 1997 WL 752730, at *1 (S.D. N.Y. Dec. 4, 1997), *citing American Nat'l Bank and Trust Co. of Sapulpa v. BIC Corp.*, 931 F.2d 1411 (10th Cir. 1991); *Grivas v. Parmelee Transp. Co.,* 207 F.2d 334 (7th Cir.1953); *O'Reilly v. R.W. Harmon & Sons, Inc.*, 124 F.R.D. 639 (W.D. Mo. 1989); *Stevens v. Red Barn Chemicals, Inc.*, 76 F.R.D. 111 (W.D. Okla. 1977).

The Fifth Circuit has similarly written that:

> We have explained that, as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. *See Manshack v. Southwestern Elec. Power Co.,* 915 F.2d 172, 174 (5th Cir. 1990). The primary purpose of Rule 41(a)(2) is to "prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id.*

*Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). While this court regards it as somewhat surprising that plaintiffs may elect to avoid federal jurisdiction in such a manner, the authority on this point seems clear. As quoted above, the Fifth Circuit in *Elbaor* held that the "plain legal prejudice" which a defendant must demonstrate to avoid Rule 41(a)(2) dismissal is something much greater than the possibility of a second lawsuit. In *Elbaor*, the Fifth Circuit noted that such prejudice did potentially exist in that case, based upon the possibility, raised by the defendant, that the plaintiff would seek to refile in a jurisdiction with a more generous statute of limitations, thereby negating a potential defense on this issue. *Elbaor*, 279 F.3d at 318. In this case, however, defendants cite no comparable legal prejudice of this magnitude.

In their brief, defendants do cite the expense they have incurred in defending against this action, but the Fifth Circuit in *Elbaor* made it clear that "the fact that additional expense will be incurred in relitigating issues in another forum will not generally support a finding of 'plain legal prejudice' and denial of a Rule 41(a)(2) motion to dismiss." *Id.* at 318 n. 3. Defendants also argue that "Amtrak is a necessary party because it is contractually bound to pay co-defendant Illinois Central Railroad Company's ('ICRR') litigation costs in this case and is responsible for any judgment against ICRR." [Brief in opposition to remand at 2]. Plaintiffs correctly note in their reply brief, however, that the Fifth Circuit has held that "Rule 19 does not require joinder of persons against whom [defendants] have a claim for contribution." *Nottingham v. Gen. Am.*

*Commc'n Corp.*, 811 F.2d 873, 880 (5th Cir. 1987). In light of the foregoing, this court concludes that plaintiffs' Rule 41(a)(2) motion to voluntarily dismiss Amtrak as a party is well taken and should be granted.

This court now turns to the motion to remand filed by plaintiffs, which is, procedurally speaking, better characterized as one seeking for this court, having dismissed Amtrak, to decline to exercise supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367(c). Section 1367(c) provides that:

> The district courts may decline to exercise supplemental jurisdiction [if] (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In addition to these statutory factors, the Fifth Circuit also requires consideration of the "common law factors [of] judicial economy, convenience, fairness, and comity" in deciding whether to exercise supplemental jurisdiction. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).[1]

In considering these factors, this court notes that the tort claims in this case are relatively simple ones, and this is thus not a case presenting novel issues of state law which are better addressed by state courts. This court therefore concludes that the § 1367(c)(1) factor militates in favor of retaining jurisdiction. It appears to this court that the § 1367(c)(2) and (c)(3) factors are more applicable in cases in which a separate federal *claim* has been dismissed, and, at any rate,

---

[1]Plaintiff failed to address § 1367(c) in its original remand briefing, only choosing to do so for the first time in its reply brief. This clearly renders defendants' motion to file a sur-rebuttal brief well-taken, and it will be granted.

4

plaintiff does not specifically address them in its briefing, so this court has no arguments to address on this issue. This court notes that it frequently chooses to decline to exercise supplemental jurisdiction on comity grounds in cases involving a state or local defendant whose liability affects the public coffers. In this case, however, the remaining defendants are private ones, and this court thus does not have the same federalism concerns which are present when governmental defendants are involved.

Perhaps the strongest reason for exercising supplemental jurisdiction are those of "judicial economy" and "fairness." By insisting that any dismissal of Amtrak be without prejudice, plaintiffs are obviously angling towards filing claims against this defendant in a separate action. This strikes this court as being quite judicially uneconomical, and there are basic fairness concerns about allowing such a tactic to succeed. Indeed, Amtrak notes that this case has been pending in this court for several months and that it has expended considerable resources during that time. Judicial economy considerations aside, plaintiffs offer this court no authority indicating that, in the 1367(c) context, it is required to ignore the fact that they *chose* to file suit against Amtrak, thereby giving rise to federal question jurisdiction. It appears that plaintiffs now regret this decision, but, regardless, it was their choice alone to sue Amtrak. In the court's view, requiring plaintiffs to accept the consequences of that decision will tend to encourage them (and other plaintiffs) to more carefully consider whom they sue *before* they force the defendants to incur expense in responding to any lawsuits. In this vein, broader considerations of judicial economy support this court's retaining jurisdiction over this case.

In the court's view, defendant's strongest authority on the supplemental jurisdiction issue is *Henderson v. Nat'l R.R. Passenger Corp.*, 412 F. App'x 74, 79 (10th Cir. 2011), in which the

10th Circuit affirmed a district court's decision to retain supplemental jurisdiction over the remaining claims after it granted plaintiff's motion to voluntarily dismiss Amtrak as a defendant. In so concluding, the Tenth Circuit noted that:

> In this case, the district court concluded that judicial economy and fairness supported retaining jurisdiction over Plaintiffs' state law claims against BNSF and San Miguel County. At the time Plaintiffs requested remand, the parties had "filed a Joint Status Report and Provisional Discovery Plan, prepared and served disclosure statements as required by [Fed.] R.Civ.P. 26(a), attended a scheduling conference, exchanged written discovery, taken multiple depositions, participated in a telephonic status conference, and designated expert witnesses.

*Henderson*, 412 F. App'x at 79.

Defendants argue, and this court agrees, that this case finds itself at a litigation stage almost identical to that in *Henderson*. This court notes, however, that while *Henderson* is clearly helpful authority for Amtrak on the supplemental jurisdiction issue, it undermines its argument that plaintiffs' motion to voluntarily dismiss it should be denied. Indeed, the district court in *Henderson* granted the plaintiffs' motion to dismiss Amtrak without prejudice, *id.* at 77, just as this court has done here. Of course, this approach is not without its own inefficiencies, and this court's first inclination was, frankly, to deny plaintiff's motion to dismiss. Decisions such as *Katzman* cast doubt upon this court's discretion to do so, however, and it is unwilling to disregard this authority. Nevertheless, it is far from clear what plaintiffs have gained by dismissing Amtrak,[2] and this court has serious doubts whether they would have done so if they knew that this court would deny their motion to remand. For this reason, this court will give

---

[2]In so stating, this court notes that, if plaintiffs were to sue Amtrak again in state court, then it would presumably just remove the case again. Plaintiffs would then find themselves prosecuting two actions in federal court, rather than one. It is unclear how this would be of any benefit to plaintiffs.

6

plaintiff's ten (10) days to withdraw their motion to dismiss Amtrak, and, if they do so, then it will vacate its order dismissing that defendant, and this case can proceed with what this court regards as the logical parties. At this juncture, however, the motion to dismiss will be granted.

It is therefore ordered that plaintiffs' motion to voluntarily dismiss Amtrak is granted[3], but their motion to remand [86-1] is denied. Defendants' motion to file a sur-rebuttal brief [124-1] is granted.

So ordered, this the 22nd day of January, 2018.

        **/s/ MICHAEL P. MILLS**
        **UNITED STATES DISTRICT JUDGE**
        **NORTHERN DISTRICT OF MISSISSIPPI**

---

[3] Plaintiff's notice of voluntary dismissal [85-1] was not docketed as a motion, but, as discussed previously, this court's leave is required for such a dismissal.