IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MACKER MONTGOMERY AND
ANTOINETTE MONTGOMERY                                                    PLAINTIFFS

V.                                                                NO. 4:16CV213-M-V

NATIONAL RAILROAD PASSENGER
CORPORATION; ILLINOIS CENTRAL RAILROAD
COMPANY; JOHN SHERMAN ASA BENNETT
AND LYDIA BENNETT, his wife                                              DEFENDANTS

## ORDER

On September 02, 2016, plaintiffs Macker and Antoinette Montgomery filed this action, seeking recovery arising out of a 2015 collision between a truck driven by Macker and an Amtrak train. Plaintiffs filed suit against Amtrak (only to voluntarily dismiss their claims against it later), the Illinois Central Railroad Company ("ICRC") as well as against John and Lydia Bennett, the (alleged) landowners of the private property where the collision occurred. Presently before this court is the Bennetts' motion for summary judgment, which they chose to file even though the docket indicates that discovery had not been completed and, indeed, had been stayed as to non-jurisdictional issues at the time of filing. This court finds this to be improper, considering that at least some of the issues relating to the Bennetts' potential liability are fact-intensive ones as to which discovery had not been completed. Indeed, the Case Management Order states that discovery was not due to be completed until September 7, 2017, and Magistrate Judge Virden issued an order staying the case as to non-jurisdictional matters on July 5, 2017. Nevertheless, the Bennetts chose to file the instant motion for summary judgment on July 24, 2017.

1

In his affidavit in response to the motion for summary judgment, Macker lists a number of specific matters as to which he would have to conduct discovery in order to intelligently respond to the motion for summary judgment. For its part, this court is certainly not in a position to say what the uncompleted discovery in this case might demonstrate, since that would be completely speculative. Moreover, in light of the uncompleted state of discovery, this court does not regard plaintiffs' complaint alone as being sufficiently deficient to support the Bennetts' dismissal as a matter of law. For example, plaintiffs allege in their complaint that:

> As respects CN/IC and the Bennetts, as owners of the private crossing and its approaches and right-of-way, they were negligent in their failure to provide adequate warning, directions, signage and clearance of the sight-line for the invitees including delivery operators like Macker Montgomery, or to disallow usage of the crossing until it was rendered safe.

[Complaint at 5]. As described in their complaint and briefing, plaintiffs' theory of liability against the Bennetts is based partly on the fact that, as a truck driver hired to deliver lime onto John Bennett's farm, Macker had the status of an invitee at the time of the October 10, 2015 accident. Moreover, plaintiffs maintain in their summary judgment brief that Bennett knew that "there were obstructions to Macker Montgomery's view of the Amtrak train" and that "Montgomery was proceeding along the only accepted route across his land to get to where he was to dump his lime on Bennett's other tract." [Plaintiffs' brief at 2]. Plaintiffs thus contend that Bennett knew or should have known of dangers to his invitee's safety and that he failed to take steps to mitigate those dangers.

The above allegations strike this court as forming at least a *potential* basis for a valid premises liability claim under Mississippi law, although it seems clear from the briefing that the parties disagree regarding a number of facts relevant to plaintiffs' claim against the Bennetts.

2

These unresolved fact issues appear to, at least potentially, include what parcels of property John Bennett exercised ownership and control over. Indeed, Montgomery argues that there are witnesses who had not yet been deposed at the time the summary judgment motion was filed who, he believes, would support his theory of liability. Of course, this court cannot say whether these undeposed witnesses would, in fact, support plaintiffs' claims, but it would clearly be improper to simply give the Bennetts the benefit of the doubt on this issue.

Given that the Bennetts chose to file a premature motion for summary judgment, this court will simply deny their motion and reserve a ruling on their liability as a matter of law for the directed verdict stage of trial. This court will take this opportunity, however, to agree with the Bennetts that many of the statutory bases for liability asserted in the complaint apply, on their face, only to *railroad companies* or to public railroad crossings. The Bennetts are, obviously, not railroad companies, and the record seems clear that the railroad crossing at issue in this case was purely a private one. This court accordingly directs plaintiffs to withdraw any claims against the Bennetts which are based upon inapplicable statutes, and to assert their claims solely upon applicable law. Of course, if plaintiffs recognize that the discovery conducted after the summary judgment motion was filed does not support *any* of their claims, then they should withdraw those claims themselves, rather than forcing this court to do so on directed verdict. Regardless, this court will not permit the Bennetts to re-file their motion for summary judgment before trial, since it is incumbent upon parties to file such motions at the proper time, and there must be consequences when they fail to do so.

Discovery uncertainties aside, the nature of the facts of this case lead this court to believe that th likelihood of its making a correct ruling on these issues will be considerably improved

3

after having viewed the evidence at trial. In so stating, this court notes that evaluating such matters as the role of alleged visual obstructions in causing an accident is a difficult task on summary judgment, since it inevitably leads to a fact-intensive inquiry regarding what a particular driver should have seen and how he should have reacted under the circumstances. Moreover, even under the map submitted by the Bennetts, the private roadway traveled by Macker appears to be in very close proximity to properties which they admit they owned. Finally, the summary judgment briefing from both sides is rather sparse regarding Mississippi common law standards in this context, and this court believes that it would benefit from additional trial briefing regarding such matters as a landowner's duty to clear any visual obstructions (both natural and artificial) on his property.

In light of the foregoing, this court concludes that its consideration of the issues relating to the Bennetts' liability would benefit both from additional facts and additional arguments than those presented in the summary judgment briefing. This court will therefore deny the summary judgment motion and reserve a final ruling on these issues for the directed verdict stage of trial. Having said that, this court does acknowledge that the Bennetts' summary judgment motion does raise significant doubt regarding whether the claims against them will be able to survive a motion for directed verdict. At trial, plaintiffs will not be able to rely upon the incomplete state of discovery, and they would be well advised to have additional common law authority setting forth a landowner's duty of care in this context. With this caveat, the motion for summary judgment will be denied.

It is therefore ordered that the Bennetts' motion for summary judgment is denied.

So ordered, this the 13th day of March, 2018.

                                        **/s/ MICHAEL P. MILLS**
                                        **UNITED STATES DISTRICT JUDGE**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**